UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-211-FDW
(5:16-cr-62-FDW-DSC-1)

| | |
|---|---|
| JOSUE ABRAHAM ROBLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1).

I. BACKGROUND

Petitioner was charged by Bill of Information[1] with conspiracy to traffic methamphetamine. (5:16-cr-62, Doc. No. 15). He pled guilty as charged and, on June 8, 2017, he was sentenced to 86 months' imprisonment followed by five years of supervised release. (5:16-cr-62, Doc. No. 30).

Petitioner filed the instant § 2255 petition on November 22, 2017, arguing that: (1) counsel was ineffective for failing to file a notice of appeal pursuant to Petitioner's request; and (2) Petitioner's sentence was substantively unreasonable in the totality of the circumstances, and counsel prejudiced him by failing to raise this issue.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the

---

[1] Petitioner waived indictment by a grand jury. See (5:16-cr-62, Doc. No. 19).

1

record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact. See Poindexter, 492 F.3d at 273. If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied. See id.

Petitioner alleges that he instructed counsel to file a notice of appeal after sentencing and that counsel failed to do so.

In its Response to Petitioner's § 2255 Motion to Vacate, the Government asserts that, even if it were to file an answer or other response supported by an affidavit of counsel denying Petitioner's allegations, the Court would be compelled to give Petitioner the benefit of the doubt on the matter. (Doc. No. 4). Respondent concedes that the appropriate remedy is for the Court to vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken.

(Id.).

The Court agrees with Respondent that the Court's resources would best be served by granting the § 2255 Motion to Vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so. The remaining § 2255 claim will be dismissed without prejudice. The Court will, therefore, vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

**IV.    CONCLUSION**

For the reasons stated herein, the Court grants Claim (1) of Petitioner's § 2255 Motion to Vacate, and dismisses Claim (2) without prejudice. The Court will file an Amended Judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that:

1. The § 2255 Motion to Vacate, (Doc. No. 1), is **GRANTED** in part and **DISMISSED** in part as stated in this Order. Furthermore, this Order granting Petitioner's § 2255 Motion to Vacate shall be without prejudice to Petitioner to file a second Motion to Vacate after he appeals his conviction.

2. The Court shall file an Amended Judgment consistent with this Order so that Petitioner

may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

Signed: September 4, 2018

Frank D. Whitney
Chief United States District Judge